UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SALAHUDDIN ABDUR-RAHMAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:19-cv-01589-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY, TO PRECLUDE USE OF HIS DEPOSITION TRANSCRIPT, AND FOR APPOINTMENT OF COUNSEL.<br><br>ECF Nos. 46, 47, 56, 60, 61, 64, 71<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>ECF No. 76 |

　　　　Plaintiff is a state prisoner proceeding without counsel with claims under 42 U.S.C. § 1983. Several motions are currently pending before the court, eight of which are addressed herein.

　　　　First, plaintiff has filed three separate motions seeking to compel the California Department of Correction and Rehabilitation ("CDCR") to comply with his requests to produce documents related to his administrative appeals. ECF Nos. 46, 60, 71. Plaintiff states that he has submitted several requests for these documents, but CDCR has refused to produce them. *Id*.

　　　　Plaintiff previously filed a similar motion seeking to compel CDCR to provide the same documents. *See* ECF No. 43. As previously explained to plaintiff, a motion to compel is appropriate when a party to the action fails to respond or inadequately responds to a request to

1

produce discovery. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). It is not the proper vehicle for obtaining discovery from a non-party, such as CDCR. To obtain discovery from a non-party, plaintiff must seek issuance of a subpoena and demonstrate that the information sought cannot be obtained from defendants through discovery. *See* Fed. R. Civ. P. 45(d)(1). Plaintiff has not requested that the Clerk of Court issue him a blank subpoena. *See* Fed. R. Civ. P. 45(a)(5). Neither has he demonstrated that the documents he seeks from CDCR could not have been obtained from defendants or that they are necessary to prosecute this action.[1] *See* Fed. R. Civ. P. 45(d)(1) (requiring the court to ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena). Plaintiff's motions to compel are therefore denied.

Second, plaintiff has filed three separate motions that seek to preclude defendants from relying on the transcript from his deposition. ECF Nos. 56, 61, 64. Plaintiff states that during his deposition, which was conducted remotely by video, there were multiple technical issues with the video and audio feeds. *Id*. He appears to argue that these technical issues render the transcript of his deposition unreliable. *Id*. He also complains that he was not timely provided a copy of the deposition transcript. ECF No. 61 at 3-4.

While it is unfortunate that completing plaintiff's deposition proved challenging due to video and audio problems, those technical issues do not automatically render the deposition transcript unreliable or inaccurate. Significantly, plaintiff has not identified any specific error or incorrect statement in his deposition transcript. And while plaintiff may not initially have been given a copy of his deposition transcript, defendants provided him a copy at the time they filed their motion for summary judgment. ECF No. 66. Plaintiff has since filed five separate

---

[1] As best I can discern, plaintiff is seeking copies of his administrative appeals to establish that he exhausted his administrative remedies. *See* ECF No. 46 at 1 (arguing that without the documents, this action could "easily [be] dismissed for lack of exhausted administrative remedies"). Although defendants have filed a motion for summary judgment, they do not argue that plaintiff's claims should be dismissed for failure to exhaust administrative remedies. Rather, they argue that plaintiff's claims are untimely and that the evidence establishes that defendants were not deliberately indifferent to plaintiff's medical needs. Accordingly, there is no need for plaintiff to submit evidence showing that he exhausted his administrative remedies.

1  documents in opposition to defendants' motion, none of which identify any identify errors in the
2  transcript. *See* ECF Nos. 67-70, 80. Absent a showing that the transcript contains an inaccuracy
3  or that plaintiff was prejudiced by not being able to timely review the transcript, there is no basis
4  from prohibiting its use in this case. *See Hollis v. Sloan*, No. 2:08-cv-2674 GEB KJN P, 2012
5  WL 5304756, *3 (E.D. Cal. Oct. 25, 2012 (declining to strike the plaintiff's deposition transcript
6  where plaintiff failed to show that he was prejudiced by not being able to timely review his
7  deposition transcript). Accordingly, plaintiff's motions to preclude the use of his deposition
8  transcript are denied.

9  Third, plaintiff has filed his fourth motion seeking appointment of counsel. ECF No. 47.
10 As previously explained to plaintiff, he does not have a constitutional right to appointed counsel
11 in this action, see *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the
12 authority to require an attorney to represent plaintiff, see *Mallard v. U.S. District Court for the*
13 *Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary
14 assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to
15 represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a
16 means to compensate counsel, the court will seek volunteer counsel only in exceptional
17 circumstances. In determining whether such circumstances exist, "the district court must evaluate
18 both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his
19 claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525
20 (internal quotation marks and citations omitted).

21 Plaintiff has demonstrated an adequate ability to represent his interests in this action.
22 Further, he has not shown that he is likely to succeed on the merits. For these reasons, his motion
23 for appointment of counsel, ECF No. 47, is denied.

24 Lastly, defendants have filed a motion for an extension of time to file a reply to plaintiff's
25 opposition to their motion for summary judgment. ECF No. 76. Good cause appearing,
26 defendants' motion is granted in part. Defendants are granted until August 10, 2021 to file a
27 reply brief. No further extension will be granted absent a showing of extraordinary cause.
28

3

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to compel CDCR to produce documents—ECF Nos. 46, 60, 71—are denied.

2. Plaintiff's motions to preclude the use of his deposition transcript in this action—ECF Nos. 56, 61, 64—are denied.

3. Plaintiff's motion for appointment of council, ECF No. 47, is denied.

4. Defendants' motion for an extension of time to file a reply to plaintiff's opposition to their motion for summary judgment, ECF No. 76, is granted in part.

5. Defendants are granted until August 10, 2021 to file their reply brief.

6. No further extensions of time will be granted absent a showing of extraordinary cause.

IT IS SO ORDERED.

Dated: \_\_\_July 30, 2021\_\_\_     _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE

4