UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>    Plaintiff,<br><br>  v.<br><br>SALAHUDDIN ABDUR-RAHMAN AND RANDALL LANKFORD,<br><br>    Defendants. | Case No.  2:19-cv-01589-KJM-JDP (PC)<br><br>ORDER THAT PLAINTIFF'S MOTION TO AMEND BE DENIED AS UNECESSARY<br><br>ECF No. 49<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 65<br><br>PLAINTIFF'S MOTIONS TO STAY BE DENIED AS MOOT<br><br>ECF Nos. 57, 62, & 72<br><br>OBJECTIONS DUE IN 14 DAYS |

Kenneth Wayne Parks ("plaintiff") alleges that, while he was incarcerated at High Desert State Prison, defendants Salahuddin Abdur-Rahman and Randall Lankford violated his Eighth Amendment rights by failing to provide him with a liquid diet after surgery and allowing a staph

1

infection to develop in his mouth.[1]  ECF No. 22 at 3-4.  Defendants have filed a motion for summary judgment, arguing that plaintiff's claims are barred by the statute of limitations.  ECF No. 65 at 10.  Alternatively, they argue that the record shows that they were not deliberately indifferent to plaintiff's medical needs.  *Id.*  I find both of defendants' arguments persuasive and recommend that the court grant summary judgment.  In light of that recommendation, I also recommend that plaintiff's three motions to stay, ECF Nos. 57, 62, & 72, be denied as moot.

## Motion to Amend

Plaintiff filed a short motion to amend in September of 2020.  ECF No. 49.  It added no new claims and sought only to make explicit plaintiff's intent to sue defendants in their individual capacities.  *Id.* at 1.  This amendment is unnecessary because the claims were already proceeding against defendants in their individual capacities.  Plaintiff requests only money damages in his amended complaint, see ECF No. 22 at 10, and that relief would be unavailable if plaintiff were suing either defendant in his official capacity.  *See Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).  The motion is, therefore, denied as unnecessary.

## Motion for Summary Judgment

### A.   Legal Standards

#### 1.   Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."

---

[1] These are the claims that Judge Brennan identified as viable in his screening order.  ECF No. 24 at 2-3.  Defendants' summary judgment also addresses a claim that defendant Abdur-Rahman mismanaged plaintiff's pain medication.  In a footnote in his screening order, Judge Brennan declined to screen that claim through after finding that it was conclusory and insufficiently related to plaintiff's other medical claims.  *Id.* at 3 n.1.  This claim was never dismissed by the district judge, however.  Thus, I will consider it in my analysis out of an abundance of caution.

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## 2. Eighth Amendment Deliberate Indifference to Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada*

*Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### B. Background

Plaintiff alleges that, while incarcerated at High Desert State Prison in May of 2015, he underwent facial reconstructive surgery at University of California Davis. ECF No. 22 at 3-4. After returning to prison, he alleges that the defendants failed to provide him with a liquid diet. *Id.* at 4. After he was forced to eat solid food, stitches in his mouth ripped open and he developed a staph infection. *Id.* at 4, 9-12. In an unrelated claim, he alleges that defendant Abdur-Rahman mismanaged his pain medication. *Id.* at 3.

### C. Analysis

#### 1. Statute of Limitations

Defendants argue that plaintiff's claims are time-barred. Section 1983 does not provide its own statute of limitations. Instead, courts should look to the state law for the length of the limitations period. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Federal law is dispositive, however, on when a cause of action accrues. *Id.* Federal

5

1  claims accrue when a plaintiff knows or has reason to know of the injury that forms the basis of
2  the suit. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (quoting
3  *Trotter v. Int'l Longshoreman's and Warehouseman's Union*, 704 F.2d 1141, 1143 (9th Cir.
4  1983)).

5  In California there is a two-year statute of limitations for personal injury actions. *See* Cal.
6  Civ. Proc. Code § 335.1. Additionally, prisoners serving a term of less than life, as plaintiff is,
7  are entitled to an additional two years. Cal. Code Civ. Proc. § 352.1(a). Defendants note that the
8  allegations of deliberate indifference in this case occurred between March 20, 2015 and June 12,
9  2015. ECF No. 22 at 3-4. Thus, plaintiff had four years from June 12, 2015 to file this action.
10 He brought this suit on August 15, 2019—64 days after the statute of limitations expired.

11 Petitioner is entitled to tolling for the time he spent completing the prison's mandatory
12 administrative exhaustion process, however.[2] *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir.
13 2005). I have reviewed the record and cannot find copies of plaintiff's relevant grievances. As
14 such, I cannot tell whether the additional tolling to which he is entitled would render his claims
15 timely. But showing that he is entitled to tolling is plaintiff's burden. *See Hinton v. Pac. Enters.*,
16 5 F.3d 391, 395 (9th Cir. 1993). I have, to the best of my ability, tried to parse plaintiff's
17 oppositions to defendants' summary judgment motion. He has filed four separate oppositions to
18 the motion and one to defendants' statement of undisputed facts. ECF Nos. 67, 68, 69, 70, & 80.
19 Therein he does argue that he has been diligent and that he needed four years and three months to
20 gather "everything needed" to file this lawsuit. ECF No. 70 at 2. However, he does not address
21 the issue of exhaustion and whether it entitles him to tolling. As such, I find that plaintiff's
22 claims are time barred. As discussed below, however, plaintiff's claims would fail even if they
23 were timely.

---

[2] Petitioner's amended complaint states that he completed that process, but it offers no specifics. ECF No. 22 at 3, 11.

**2.     Medical Deliberate Indifference**

   **a.     Defendant Abdur-Rahman**

The first claim against defendant Abdur-Rahman is that he failed to manage plaintiff's pain medication properly. Specifically, plaintiff alleges that Abdur-Rahman discontinued his prescription for Tylenol # 3 with Codeine and allowed him to go into withdrawal. ECF No. 22 at 3. As plaintiff acknowledged in his deposition, however, Tylenol # 3 with Codeine was, for a time, not available to be prescribed. ECF No. 65-2 at 9 (Ex. A to Declaration of Rolando Pasquali). As a substitute, defendant Abdur-Rahman increased plaintiff's regular Tylenol prescription until Tylenol # 3 was available again. *Id.* at 7. Defendant Abdur-Rahman states that, in his medical judgment, an increased dose of regular Tylenol was a reasonable substitute. ECF No. 65-3 at 2 ¶ 6 (Declaration of Salahuddin Abdur-Rahman). This claim amounts to a disagreement over treatment and does not rise to the level of deliberate indifference. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012). Nothing in the record shows that the medication Abdul-Rahman prescribed was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Next, plaintiff alleges that defendant Abdur-Rahman failed to provide him with a liquid diet, as instructed by the plastic surgeon. But, as defendants point out, the discharge instructions for plaintiff's surgery explicitly direct him to "[r]esume [the] same diet prior to your hospital admission." ECF No. 65-3 at 6 (Declaration of Salahuddin Abdur-Rahman). The direction to intake clear liquids is included in the "general anesthesia" subsection of plaintiff's surgery instructions and, thus, pertained only to the day of the surgery. *Id.* at 3 ¶ 10, 7.

To the extent there are any remaining, miscellaneous claims against defendant Abdur-Rahman, they should be dismissed. At his deposition, plaintiff stated that, if it was determined that his surgeon had not prescribed him a liquid diet, only his claims regarding pain medication would remain against this defendant. ECF No. 65-2 at 46-47.

**b.     Defendant Lankford**

Plaintiff alleges that he encountered Lankford the day he returned from surgery. ECF No. 22 at 11. He claims that Lankford declined to advise him about his prescribed soft food/liquid diet and should have retained him in the prison hospital. *Id.* As described above, plaintiff was not prescribed a long-term soft food diet. And plaintiff alleges that, during their encounter, Lankford asked him "what do you want to do?" *Id.* Plaintiff stated that he wanted to go back to his cell and lie down. *Id.* He does not allege that he gave Lankford any indication that hospitalization was desired or necessary. Neither does he allege that there were any obvious symptoms that Lankford ignored.[3] In his deposition, plaintiff stated that Lankford should have known that he was not capable of making a reasoned decision about whether to stay in the hospital. ECF No. 65-2 at 25 (Ex. A to Declaration of Rolando Pasquali). Such a potential oversight would amount to mere negligence. There is no evidence that plaintiff made any attempt to convey the limitations of his mental state to Lankford, or that the latter had any other means to gauge plaintiff's subjective state.

It is ORDERED that plaintiff's motion to amend, ECF No. 49, is DENIED as unnecessary.

Further, it is RECOMMENDED that:

1. Plaintiff's motions to stay, ECF Nos. 57, 62, & 72, be DENIED as moot.[4]

2. Defendants' motion for summary judgment, ECF No. 65, be GRANTED.

3. Judgment be entered in defendants' favor and against plaintiff.

4. The Clerk of Court be directed to close this case.

---

[3] Plaintiff does allege that he was fatigued, heavily drugged, and in pain. ECF No. 22 at 11. Those conditions, however, would be expected for most patients returning from major surgery. Standing alone, they would not automatically inform a provider that hospitalization was necessary, especially when the physician who conducted the surgery had seen fit to discharge the patient.

[4] Plaintiff's motions to stay have no bearing on the ripeness of defendants' motion for summary judgment. As stated above, he has filed multiple oppositions to the motion. *See* ECF Nos. 67, 68, 70, & 80.

8

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: August 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE